**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL  NO. H-07-141 |
| | § | |
| KAREY BERNARD STATIN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant, Karey Bernard Statin, was convicted of assisting in the preparation of false tax returns and was sentenced to serve a 51-month sentence.  This court allowed voluntary surrender.  Statin now moves to remain on bond pending his appeal. (Docket Entry No. 124). Statin argues that he has been on a $50,000.00 unsecured appearance bond and has been compliant with all conditions.  Based on a review of the pleadings, the motion and response, the parties' submissions, and the applicable law, this court DENIES Statin's motion to remain on bond pending appeal.

Title 18 U.S.C. § 3143(b) provides:

> [The court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained unless [the court] finds—
>
> > (A)     by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B)     that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i)     reversal,

(ii)    an order for a new trial,

(iii)   a sentence that does not include a term of imprisonment, or

(iv)    a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process.

If [the court] makes such findings, [the court] shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The Fifth Circuit has interpreted section 3143(b) to require that "[t]o obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment." *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990).

"[T]he prong of the four-part test that poses a problem for [Statin] is the third one: whether [Statin's] appeal raises a so-called substantial question . . . ." *Clark*, 917 F.2d at

180.  "'Substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution."  *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985).  A substantial question is one that is "'close' or 'that could very well be decided the other way' by the appellate court."  *Clark*, 917 F.2d at 180 (quoting *Valera-Elizondo*, 761 F.2d at 1024).

Statin does not identify any substantial question in his motion to remain on bond pending appeal.  There is no basis to conclude that the appeal raises a substantial question of fact or law.  Statin is not entitled to bail pending appeal under section 1343(b).

**III.    Conclusion**

This court DENIES Statin's motion for bail pending appeal and by separate order sets a surrender date of January 26, 2009.

SIGNED on January 9, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3